FILED
CLERK, U.S. DISTRICT COURT

JUN 2 7 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| KARA TECHNOLOGY, INC., | ) | No. CV 05-1890-CBM (SSx) |
| Plaintiff, | ) | COURT INSTRUCTIONS |
| v. | ) | (ORIGINAL) |
| STAMPS.COM INC., | ) | |
| Defendant. | ) | |

# COURT'S INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

# COURT'S INSTRUCTION NO. 2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that defendant makes, uses, offers to sell, or sells a system or method that infringes one or more of the asserted claims of the '179 or '575 patent. The plaintiff has the burden of proving these claims by a preponderance of the evidence.

The defendant denies those claims and also contends that the '179 and '575 patents are invalid and are unenforceable due to inequitable conduct. The defendant has the burden of proving by clear and convincing evidence these contentions.

The plaintiff denies that the '179 and '575 patents are invalid and unenforceable.

# COURT'S INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

# COURT'S INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(I) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# COURT'S INSTRUCTION NO. 5

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

You have heard evidence concerning Exhibits 112, 113 and 115, which are opinion letters obtained from attorneys by defendant Stamps.com. This evidence is offered only for the purpose of determining whether infringement with respect to NetStamps pre-v.5 was willful. This evidence is to be considered only for the purpose for which it is offered.

# COURT'S INSTRUCTION NO. 6

You have heard evidence concerning Kara Technology's contention that Stamps.com intentionally copied a product of Kara Technology covered by the patents. This evidence is offered only for the purposes of determining willfulness, obviousness and whether the patents were infringed based on the doctrine of equivalents.

# COURT'S INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# COURT'S INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

# COURT'S INSTRUCTION NO. 9

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.

# COURT'S INSTRUCTION NO. $\underline{10}$

You heard testimony by deposition from witness David Tannenbaum.

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

You should consider deposition testimony of witness David Tannenbaum, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

# COURT'S INSTRUCTION NO. 11

A witness may be discredited by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness.

This evidence may be considered, along with all other evidence, in considering whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

# COURT'S INSTRUCTION NO. 12

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

# COURT'S INSTRUCTION NO. 13

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

# COURT'S INSTRUCTION NO. |4

In examining an expert witness, counsel may ask a hypothetical question. This is a question in which the witness is asked to assume the truth of a set of facts, and to give an opinion based on that assumption.

In permitting this type of question, the court does not rule, and does not necessarily find that all the assumed facts have been proved. It only determines that those assumed facts are within the possible range of the evidence. It is for you to decide from all the evidence whether or not the facts assumed in a hypothetical question have been proved. If you should decide that any assumption in a question has not been proved, you are to determine the effect of that failure of proof on the value and weight of the expert opinion based on the assumed facts.

# COURT'S INSTRUCTION NO. 15

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

# COURT'S INSTRUCTION NO. 16

This case involves a dispute relating to a United States patent. Before

summarizing the positions of the parties and the legal issues involved in the

dispute, let me take a moment to explain what a patent is and how one is obtained.


Patents are granted by the United States Patent and Trademark Office (sometimes

called "The PTO"). The process of obtaining a patent is called patent prosecution.

A valid United States patent gives the patent owner the right for up to 20 years

from the date the patent application was filed to prevent others from making,

using, offering to sell, or selling the patented invention within the United States or

from importing it into the United States without the patent holder's permission. A

violation of the patent owner's rights is called infringement. The patent owner

may try to enforce a patent against persons believed to be infringers by a lawsuit

filed in federal court.


To obtain a patent one must file an application with the PTO. The PTO is an

agency of the federal government and employs trained examiners who review

applications for patents. The application includes what is called a "specification,"

which must contain a written description of the claimed invention telling what the invention is, how it works, how to make it and how to use it so others skilled in the field will know how to make or use it. The specification concludes with one or more numbered sentences. These are the patent "claims." When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

After the applicant files the application, a PTO patent examiner reviews the patent application to determine whether the claims are patentable and whether the specification adequately describes the invention claimed. In examining a patent application, the patent examiner reviews records available to the PTO for what is referred to as "prior art." The examiner also will review prior art if it is submitted to the PTO by the applicant. Prior art is defined by law, and I will give you at a later time specific instructions as to what constitutes prior art. However, in general, prior art includes things that existed before the claimed invention, that were publicly known, or used in a publicly accessible way in this country, or that were patented or described in a publication in any country. The examiner considers, among other things, whether each claim defines an invention that is new, useful, and not obvious in view of the prior art. A patent lists the prior art that the examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the patent examiner then informs the applicant in writing what the examiner has found and whether any claim is patentable, and thus will be "allowed." This writing from the patent examiner is called an "office action." If the examiner rejects the claims, the applicant then responds and sometimes changes the claims or submits new claims. This process, which takes place only between the examiner and the patent applicant, may go back and forth for some time until the examiner is satisfied that the application and claims meet the requirements for a patent. The papers generated during this time of communicating back and forth between the patent examiner and the applicant make up what is

called the "prosecution history." All of this material becomes available to the public no later than the date when the patent issues.

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent. For example, the PTO may not have had available to it all the information that will be presented to you. A person accused of infringement has the right to argue here in federal court that a claimed invention in the patent is invalid because it does not meet the requirements for a patent.

# COURT'S INSTRUCTION NO. 17

I will first give you a summary of each side's contentions in this case. I will then tell you what each side must prove to prevail on each of its contentions. Kara Technology seeks money damages from Stamps.com for allegedly infringing the '179 and '575 patents by making, using, selling and offering for sale a product or method that Kara Technology argues is covered by claims 1, 4, 5, 7, 42, 43 and 48 of the '575 patent, and claims 24, 27-34, 36-39, 42-45 and 54-56 of the '179 patent. These are the asserted claims of the '179 and '575 patents. The product or method that is alleged to infringe is Stamps.com's NetStamps feature.

Stamps.com denies that it has infringed the asserted claims of the patent and argues that, in addition, that all of the asserted claims are invalid and that the '179 and '575 patents are unenforceable.

Your job is to decide whether the asserted claims of the '179 and '575 patents have been infringed and whether any of the asserted claims of the '179 and '575 patents are invalid or the patents unenforceable. If you decide that any claim of the patents has been infringed and is not invalid or unenforceable, you will then need to decide any money damages to be awarded to Kara Technology to

compensate it for the infringement. You will also need to make a finding as to whether the infringement was willful. If you decide that any infringement was willful, that decision should not affect any damage award you make. I will take willfulness into account later.

# COURT'S INSTRUCTION NO. 18

Before you decide whether or not Stamps.com has infringed the claims of Kara

Technology's patents or whether Kara Technology's patents are invalid, you will

have to understand the patent claims. The patent claims are numbered sentences at

the end of the patent. The patent claims involved here are claims 1, 4, 5, 7, 42, 43

and 48 of the '575 patent, and claims 24, 27-34, 36-39, 42-45 and 54-56 of the

'179 patent. The claims are intended to define, in words, the boundaries of the

invention described and illustrated in the patent. Only the claims of the patent can

be infringed. Neither the written description, nor the drawings of a patent can be

infringed. Each of the claims must be considered individually, and not all claims

of a patent have to be infringed for the patent to be infringed. To prove patent

infringement, Kara Technology need only establish by a preponderance of

evidence that one claim is infringed. You must use the same claim meaning for

both your decision on infringement and your decision on invalidity.

# COURT'S INSTRUCTION NO. 19

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more likely true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# COURT'S INSTRUCTION NO. 20

I have interpreted the meaning of some of the language in the patent claims involved in this case. You must accept those interpretations as correct. My interpretation of the language should not be taken as an indication that I have a view regarding the issues of infringement and invalidity. The decisions regarding infringement and invalidity are yours to make.

**Preestablished data** was construed to mean: data established beforehand, e.g., before the printing of the information to be created.

**Said media having preestablished thereon data which is unique to said media** was construed to mean: said media having unique data established thereon beforehand.

**A location independent from said printer** was construed to mean: any place apart from the printer, such as another device

**Validity** was construed to mean: authentic.

**Establishing the Validity of a Display** was construed to mean: establishing that a display is authentic.

1   **Key Data** was construed to mean: information or data comprising a key.  **Key**
2
3   **Data** was further construed to mean: something that contains a unique validation
4   code required for authentication.
5
6
7   **Decode or Decodable** was construed to mean: reading or readable.
8
9
10  **Security Indicia** was construed to: "be created under control of a key" and that the
11  "information contained in" the pre-printed data be a "key."
12
13
14  **As part of a human readable display** was construed to mean: the independent
15  location is capable of sending to the printer a security indicia, and that the security
16
17  indicia is part of a human readable display.
18
19
20  **Display** was construed to mean: any visual representation of information.
21
22  **Printer** was construed to mean: any printing device for creating images on paper,
23
24  or it could be a device for storing images which can later be displayed to obtain
25  the goods and or services.
26
27
28

**Non-secure printer** was construed to mean: a printer that does not incorporate security functionality.

**Providing, under control of said comparing step** was construed to mean: providing, if permitted by a computer that is programmed to prevent the transaction if the unique data has been previously accepted.

**Said Independent Location Operable to Create on Said Media Security Indicia Said Security Indicia Created in Part by Information Contained in Said Preestablished Media Data / Said Independent Location Operable to Send to Said Printer a Security Indicia, as Part of a Human Readable Display, Said Security Indicia Created in Part by Information Contained in Said Preestablished Media Data / Security indicia** was construed to mean: said independent location having a computer programmed to create a security indicia under control of a key contained in the preestablished data that is capable of sending to the printer a security indicia, and that the security indicia is part of a human readable display.

**And Whereby Said Security Indicia is Validatable at a Subsequent Time Partially under Control of Data Contained in Said Preestablished [Media or**

**Paper] Data** was construed to mean: and by which it may be established at a subsequent time, under control of the key contained in the preestablished [media or] paper data, that the security indicia is authentic.

**Said Control data being decodable, in part, under control of key data associated on said particular printable stock with said unique data / Partially under control of key data** was construed to mean: said control data being readable, in part under control of data comprising a key, associated on said particular printable stock with said unique data.

**COURT'S INSTRUCTION NO. 21**

I will now instruct you on the rules you must follow in deciding whether Kara Technology has proven that Stamps.com has infringed one or more of the asserted claims of the '179 and '575 patents.  To prove infringement of any claim, Kara Technology must persuade you that it is more likely than not that Stamps.com has infringed that claim.

# COURT'S INSTRUCTION NO. $22$

A patent's claims define what is covered by the patent. A product or method directly infringes a patent if it is covered by at least one claim of the patent.

Deciding whether a claim has been directly infringed is a two-step process. The first step is to decide the meaning of the patent claim. The second step is to decide whether Stamps.com has made, used, sold, or offered for sale within the United States a product or method covered by a claim of the '179 and '575 patents. You, the jury, make this decision.

With one exception, you must consider each of the asserted claims of the patent individually, and decide whether Stamps.com's NetStamps feature infringes that claim. The one exception to considering claims individually concerns dependent claims. A dependent claim includes all of the requirements of a particular independent claim, plus additional requirements of its own. As a result, if you find that an independent claim is not infringed, you must also find that its dependent claims are not infringed. On the other hand, if you find that an independent claim has been infringed, you must still separately decide whether the additional requirements of its dependent claims have also been infringed.

There are two ways in which a patent claim may be directly infringed. A claim may be "literally" infringed, or it may be infringed under the "doctrine of equivalents." The following instructions will provide more detail on these two types of direct infringement.

# COURT'S INSTRUCTION NO. 23

To decide whether Stamps.com's NetStamps feature literally infringes a claim of the '179 and '575 patents, you must compare that product or method with the patent claim and determine whether every requirement of the claim is included in that product or method. If so, Stamps.com's NetStamps feature literally infringes that claim. If, however, Stamps.com's NetStamps feature does not have every requirement in the patent claim, Stamps.com's NetStamps feature does not literally infringe that claim. You must decide literal infringement for each asserted claim separately.

# COURT'S INSTRUCTION NO. 24

If you decide that Stamps.com's NetStamps feature does not literally infringe an asserted patent claim, you must then decide whether the NetStamps feature infringes the asserted claim under what is called the "doctrine of equivalents."

Under the doctrine of equivalents, the NetStamps feature can infringe an asserted patent claim if it includes parts or steps that are identical or equivalent to the requirements of the claim. If the NetStamps feature is missing an identical or equivalent part or step to even one requirement of the asserted patent claim, the NetStamps feature cannot infringe the claim under the doctrine of equivalents. Thus, in making your decision under the doctrine of equivalents, you must look at each individual requirement of the asserted patent claim and decide whether the NetStamps feature has either an identical or equivalent part or step to that individual claim requirement.

A part or step of a product or method is equivalent to a requirement of an asserted claim if a person of ordinary skill in the field would think that the differences between the part or step and the requirement were not substantial as of the time of the alleged infringement.

One way to decide whether any difference between a requirement of an asserted claim and a part or step of the NetStamps feature is not substantial is to consider whether, as of the time of the alleged infringement, the part or step of the NetStamps feature performed substantially the same function, in substantially the same way, to achieve substantially the same result as the requirement in the patent claim.

In deciding whether any difference between a claim requirement and the product or method is not substantial, you may consider whether, at the time of the alleged infringement, persons of ordinary skill in the field would have known of the interchangeability of the part or step with the claimed requirement. The known interchangeability between the claim requirement and the part or step of the product or method is not necessary to find infringement under the doctrine of equivalents. However, known interchangeability may support a conclusion that the difference between the part or step in the product or method and the claim requirement is not substantial. The fact that a part or step or the product or method performs the same function as the claim requirement is not, by itself, sufficient to show known interchangeability.

You may not use the doctrine of equivalents to find infringement if you find that Stamps.com's product or method is the same as what was in the prior art before the application for the '179 and '575 patents or what would have been obvious to persons of ordinary skill in the field in light of what was in the prior art. A patent holder may not obtain, under the doctrine of equivalents, protection that it could not have lawfully obtained from the Patent and Trademark Office.

1

**COURT'S INSTRUCTION NO. 25**

2

3

4   In this case, Kara Technology asserts that Stamps.com willfully infringed Kara

5   Technology's '179 and '575 patents.

6

7

8   To prove willful infringement, Kara Technology must first persuade you that

9
10   Stamps.com infringed a valid and enforceable claim of Kara Technology's patent.

11   The requirements for proving such infringement were discussed in my prior

12   instructions.

13

14

15   In addition, to prove willful infringement, Kara Technology must persuade you

16
17   that it is highly probable that prior to October 22, 2004, the filing date of the

18   complaint in this case, Stamps.com acted with reckless disregard of the claims of

19   Kara Technology's patents.

20

21

22   To demonstrate such "reckless disregard," Kara Technology must satisfy a two-

23
24   part test. The first part of the test is objective.  Kara Technology must persuade

25   you that Stamps.com acted despite an objectively high likelihood that its actions

26   constituted infringement of valid and enforceable patents.  The state of mind of

27
28   Stamps.com is not relevant to this inquiry.  You should focus on whether a

reasonable person in the position of Stamps.com, after learning of the patent, could have reasonably believed that it did not infringe or reasonably believed the patent was invalid or unenforceable. If a reasonable person in the position of Stamps.com could not have held such belief, then you need to consider the second part of the test.

The second part of the test does depend on the state of mind of Stamps.com. Kara Technology must persuade you that Stamps.com actually knew, or it was so obvious that Stamps.com should have known, that its actions constituted infringement of a valid and enforceable patent.

In deciding whether Stamps.com acted with reckless disregard for Kara Technology's patents, you should consider all of the facts surrounding the alleged infringement including, but not limited to, the following:

(1)     Whether Stamps.com acted in a manner consistent with the standards of commerce for the PC Postage industry; and

(2)     Whether Stamps.com intentionally copied the claimed invention or a product of Kara Technology covered by the patents, and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(3)    Whether Stamps.com relied on a legal opinion that was well-supported and believable and that advised Stamps.com (1) that Stamps.com's NetStamps feature did not infringe Kara Technology's patents or (2) that the Kara Technology patents were invalid or unenforceable.

# COURT'S INSTRUCTION NO. 26

The preamble to claim 1 of the '575 patent for example uses the phrase "A method for establishing the validity of a display created by a general purpose creation device, said method comprising the steps of." The word "comprising" means "including the following but not excluding others."

If you find that Stamps.com's NetStamps feature includes all of the elements in claim 1 of the '575 patent for example, the fact that Stamps.com's NetStamps feature might include additional components or method steps would not avoid literal infringement of a such claims.

# COURT'S INSTRUCTION NO. 27

I will now instruct you on the rules you must follow in deciding whether

Stamps.com has proven that claims 1, 4, 5, 7, 42, 43 and 48 of the '575 patent, and

claims 24, 27-34, 36-39, 42-45 and 54-56 of the '179 patent, are invalid.  A patent

issued by the United States Patent Office is presumed to be valid.  In order to rebut

this presumption, Stamps.com must establish by clear and convincing

evidence that the patent claim is invalid.

# COURT'S INSTRUCTION NO. 28

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

# COURT'S INSTRUCTION NO. 29

Stamps.com can meet its burden of proving that a patent claim is invalid by showing that the patent does not contain an adequate written description of the claimed invention. The purpose of this written description requirement is to make sure that a patent describes the technology it seeks to claim as an invention and to demonstrate that the inventor was in possession of the invention at the time the application for the patent was filed, even though the claims may have been changed or new claims added since that time. The written description requirement is satisfied if a person of ordinary skill in the field reading the patent application as originally filed would recognize that the patent application described the invention as claimed, even though the description may not use the exact words found in the claim. A requirement in a claim need not be specifically disclosed in the patent application as originally filed if a person of ordinary skill would understand that the missing requirement is necessarily implied in the patent application as originally filed.

# COURT'S INSTRUCTION NO. 30

Stamps.com can meet its burden of proving that a patent claim is invalid by showing that the patent does not contain a description of the claimed invention that is sufficiently full and clear to enable a person of ordinary skill in the field to make and use the invention. This is known as the "enablement" requirement.

The patent may be enabling even though it does not expressly state some information if a person of ordinary skill in the field could make and use the invention without having to do excessive experimentation. In determining whether excessive experimentation is required, you may consider the following factors:

the scope of the claimed invention;

the amount of guidance presented in the patent;

the amount of experimentation necessary;

the time and cost of any necessary experimentation;

how routine any necessary experimentation is in the field of secure systems design;

1    whether the patent discloses specific working examples of the claimed

2

3    invention;

4

5

6    the nature and predictability of the field; and

7

8    the level of ordinary skill in the field of secure systems design.

9

10   The question of whether a patent is enabling is judged as of the date the original

11

12   application for the patent was first filed, June 2, 1999.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# COURT'S INSTRUCTION NO. 31

A patent claim is invalid if the claimed invention is not new. For the claim to be invalid because it is not new, all of its requirements must have existed in a single device or method that predates the claimed invention, or must have been described in a single previous publication or patent that predates the claimed invention. In patent law, these previous devices, methods, publications or patents are called "prior art references." If a patent claim is not new we say it is "anticipated" by a prior art reference.

The description in the written reference does not have to be in the same words as the claim, but all of the requirements of the claim must be there, either stated or necessarily implied, so that someone of ordinary skill in the field of secure systems design looking at that one reference would be able to make and use the claimed invention.

Here is a list of the ways that Stamps.com can show that a patent claim was not new:

– if the claimed invention was already publicly known or publicly used by others in the United States before the date the inventor conceived of the invention;

– if the claimed invention was already patented or described in a printed publication anywhere in the world before the date the inventor conceived of the invention. A reference is a "printed publication" if it is accessible to those interested in the field, even if it is difficult to find;

– if the claimed invention was already described in another issued U.S. patent or published U.S. patent application that was based on a patent application filed before the date the inventor conceived of the invention.

Since it is in dispute, you must determine a date of conception for the claimed invention. Conception is the mental part of an inventive act and is proven when the invention is shown in its complete form.

The conception date of the inventions claimed in the Kara patents is presumed to be the filing date of the patents. This presumption may be rebutted. Plaintiff Kara Technology contends that the conception occurred in late Summer 1998. Defendant Stamps.com contends that Plaintiff has not proven a conception date prior to the filing of the patents-in-suit, and that plaintiff is not entitled to a conception date earlier than June 2, 1999.

## COURT'S INSTRUCTION NO. 32

A patent claim is invalid if the patent application was not filed within the time required by law. This is called a "statutory bar." For a patent claim to be invalid by a statutory bar, all of its requirements must have been present in one prior art reference dated more than one year before the patent application was filed. Here is a list of ways Stamps.com can show that the patent application was not timely filed:

if the claimed invention was already patented or described in a printed publication anywhere in the world before June 2, 1998. A reference is a "printed publication" if it is accessible to those interested in the field, even if it is difficult to find;

if the claimed invention was already being openly used in the United States before June 2, 1998 and that use was not primarily an experimental use (a) controlled by the inventor, and (b) to test whether the invention worked for its intended purpose.

For a claim to be invalid because of a statutory bar, all of the claimed requirements must have been either (1) disclosed in a single prior art reference, (2) implicitly disclosed in a reference to one skilled in the field, or (3) must have been present in the reference, whether or not that was understood at the time. The disclosure in a

1    reference does not have to be in the same words as the claim, but all the

2
3    requirements must be there, either described in enough detail or necessarily

4    implied, to enable someone of ordinary skill in the field of secure systems design

5    looking at the reference to make and use the claimed invention.

# COURT'S INSTRUCTION NO. 33

Not all innovations are patentable. A patent claim is invalid if the claimed invention would have been obvious to a person of ordinary skill in the field at the time the application was filed. This means that even if all of the requirements of the claim cannot be found in a single prior art reference that would anticipate the claim or constitute a statutory bar to that claim, a person of ordinary skill in the field of secure systems design who knew about all this prior art would have come up with the claimed invention.

However, a patent claim composed of several elements is not proved obvious merely by demonstrating that each of its elements was independently known in the prior art. In evaluating whether such a claim would have been obvious, you may consider whether Stamps.com has identified a reason that would have prompted a person of ordinary skill in the field to combine the elements or concepts from the prior art in the same way as in the claimed invention. There is no single way to define the line between true inventiveness on one hand (which is patentable) and the application of common sense and ordinary skill to solve a problem on the other hand (which is not patentable). For example, market forces or other

design incentives may be what produced a change, rather than true inventiveness. You may consider whether the change was merely the predictable result of using prior art elements according to their known functions, or whether it was the result of true inventiveness. You may also consider whether there is some teaching or suggestion in the prior art to make the modification or combination of elements claimed in the patent. However, you must be careful not to determine obviousness using the benefit of hindsight; many true inventions might seem obvious after the fact. You should put yourself in the position of a person of ordinary skill in the field at the time the claimed invention was made and you should not consider what is known today or what is learned from the teaching of the patent.

The ultimate conclusion of whether a claim is obvious should be based upon your determination of several factual decisions. First, you must decide the level of ordinary skill in the field that someone would have had as of June 2, 1999. Second, you must decide the scope and content of the prior art. Third, you must decide what difference, if any, existed between the claimed

invention and the prior art.  Finally, you should consider any of the

following factors that you find have been shown by the evidence:

(1)  commercial success of a product due to the merits of the claimed

invention;

(2)  a long felt need for the solution provided by the claimed invention;

(3)  unsuccessful attempts by others to find the solution provided by the

claimed invention;

(4)  copying of the claimed invention by others;

(5)  unexpected and superior results from the claimed invention;

(6)  acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention;

(7) other evidence tending to show nonobviousness;

(8) independent invention of the claimed invention by others before or at about the  same time as the named inventor thought of it; and

(9) other evidence tending to show obviousness.

The presence of any of factors 1-7 may be considered by you as an indication that the claimed invention would not have been obvious at the time the claimed invention was made, and the presence of any of factors 8-9 may be considered by you as an indication that the claimed invention would have been obvious at such time.  Although you should consider any evidence of these factors, the relevance and importance of any of them to your decision on whether the claimed invention would have been obvious is up to you.

**COURT'S INSTRUCTION NO. 34**

In order to be considered as prior art to the '179 and '575 patents, these references

must be reasonably related to the claimed invention of that patent.  A reference is

reasonably related if it is in the same field as the claimed invention or is from

another field to which a person of ordinary skill in the field would look to solve a

known problem.

**COURT'S INSTRUCTION NO. 35**

In reaching your conclusion as to whether or not the claims of the '179 and '575 patents would have been obvious at the time the claimed invention was made, you should consider any difference or differences between the prior art references and the claimed requirements.

# COURT'S INSTRUCTION NO. 36

Several times, in my instructions, I have referred to a person of ordinary skill in the field of secure systems design. It is up to you to decide the level of ordinary skill in the field of secure systems design. You should consider all the evidence introduced at trial in making this decision, including:

(1) the levels of education and experience of persons working in the field;

(2) the types of problems encountered in the field; and

(3) the sophistication of the technology.

# COURT'S INSTRUCTION NO. 37

Applicants for patents have a duty to prosecute patents in the United States Patent and Trademark Office ("PTO") with candor and good faith, including a duty to disclose information known to the applicants to be material to patentability.

To hold a patent unenforceable due to inequitable conduct, there must be clear and convincing evidence that the applicant

1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information, and

2) intended to deceive the PTO.

# COURT'S INSTRUCTION NO. 38

Information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

1. it establishes, by itself or in combination with other information that a claim would more likely than not fail to meet one of the requirements for patentability, or

2. it refutes, or is inconsistent with, a position the applicant takes in:

    i. opposing an argument of unpatentability relied on by the PTO, or

    ii. asserting an argument of patentability

# COURT'S INSTRUCTION NO. 39

The intent element of inequitable conduct requires that the involved conduct, viewed in light of all the evidence, including evidence indicating good faith, must indicate sufficient culpability to require a finding of intent to deceive.  Intent rarely can be, and need not be, proven by direct evidence.  Instead, an intent to deceive is usually inferred from the facts and circumstances surrounding the conduct at issue.

# COURT'S INSTRUCTION NO. 40

If you find that the requirements of materiality and intent to deceive have been established by clear and convincing evidence, you must then  balance the degree of materiality and the degree of intent to deceive to determine whether or not the evidence establishes clearly and convincingly that there was inequitable conduct committed in the prosecution of the '575 and '179 patents.

Under the balancing test, the more material the omission or the misrepresentation, the lower the level of intent required to establish inequitable conduct and vice versa.

\\

# COURT'S INSTRUCTION NO. 41

If you find that Stamps.com infringed any valid and enforceable claim of the '179 and '575 patents, you must then determine the amount of money damages to be awarded to Kara Technology to compensate it for the infringement. By instructing you on damages, I am not suggesting which party should win on any issue.

The amount of those damages must be adequate to compensate Kara Technology for the infringement. A damages award should put the patent holder in approximately the financial position it would have been in had the infringement not occurred, but in no event may the damages award be less than a reasonable royalty. You should keep in mind that the damages you award are meant to compensate the patent holder and not to punish an infringer.

Kara Technology has the burden to persuade you by a preponderance of evidence of the amount of its damages. You should award only those damages that Kara Technology more likely than not suffered. While Kara Technology is not required to prove its damages with mathematical precision, it must prove them with

reasonable certainty.  Kara Technology is not entitled to damages that are remote or speculative.

# COURT'S INSTRUCTION NO. 42

A royalty is a payment made to a patent holder in exchange for rights to make, use or sell the claimed invention. A reasonable royalty is the payment that would have resulted from a negotiation between a patent holder and the infringer taking place at the time when the infringing sales first began. In considering the nature of this negotiation, the focus is on what the expectations of the patent holder and infringer would have been had they entered into an agreement at that time and acted reasonably in their negotiations. However, you must assume that both parties believed the patent was valid and infringed. In addition, you must assume that patent holder and infringer were willing to enter into an agreement; your role is to determine what that agreement would have been. The test for damages is what royalty would have resulted from the hypothetical negotiation and not simply what either party would have preferred.

You should not include any award of prejudgment interest in any damages that you find because that is an issue for the court to decide.

# COURT'S INSTRUCTION NO. 43

In determining the value of a reasonable royalty, you may consider evidence on any of the following factors:

1. Any royalties received by Kara Technology for the licensing of the patent-in-suit, proving or tending to prove an established royalty.

2. The rates paid by Stamps.com to license other patents comparable to the infringed patent or patents.

3. Kara Technology's established policy and marketing program to maintain its right to exclude others from using the patented invention by not licensing others to use the invention, or by granting licenses under special conditions designed to preserve that exclusivity.

4. The commercial relationship between Kara Technology and Stamps.com, such as whether or not they are competitors in the same territory in the same line of business.

5. The effect of selling the patented product in promoting sales of other products of Stamps.com; the existing value of the invention to Stamps.com as a generator of sales of its non-patented items; and the extent of such collateral sales.

6. The duration of the '179 and '575 patents.

7. The established profitability of the NetStamps feature made under the '179 or '575 patents; its commercial success; and its current popularity.

8. The utility and advantages of the patented invention over the old modes or devices, if any that had been used for achieving similar results.

9.  The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention.

10.  The extent to which Stamps.com has made use of the invention; and any evidence that shows the value of that use.

11.  The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

12.  The portion of the profit that arises from the patented invention itself as opposed to profit arising from unpatented features, such as the manufacturing process, business risks, or significant features or improvements added by the accused infringer.

13.  The opinion testimony of qualified experts.

# COURT'S INSTRUCTION NO. 45

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict

# COURT'S INSTRUCTION NO. 46

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone, including me, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

# COURT'S INSTRUCTION NO. 47

A verdict form has been prepared for you.  You will take this form to the jury room.

The verdict form contains interrogatories.  You will note that each of the interrogatories or questions calls for a "YES" or "NO" answer.  The answer to each question must be the unanimous answer of the jury.  Your foreperson will write the unanimous answer of the jury in the space provided opposite each question, and will date and sign the verdict form, when completed.